GEORGE W. MILLET *versus* THE INHABITANTS OF STONEHAM.

Where a collector of taxes employs the proprietor of a newspaper to publish such collector's notice of an intended sale of lands on account of the non-payment of taxes thereon, the inhabitants of the town, within which the lands are situated, are not liable to pay the expenses of such publication.

THE case was submitted upon the following statement of facts.

It is agreed by the parties to this action, that the writ and account sued may be referred to, by either party, but only the

account annexed is to be copied and made a part of the case; that the plaintiff performed the services sued for; that when the two first charges were made, Oris Parker was collector of taxes for said Stoneham; that when the last charge was made, James McAllaster was collector of taxes for said Stoneham; that said Parker and McAllaster were both duly chosen and qualified as collectors, and had given bonds in the usual form; and that the said Parker employed the plaintiff to perform the services in the two first items of the account, and the said McAllaster to perform the services charged in the third item of the account. And the parties hereby agree, that upon the foregoing statement of facts, the Court may render such judgment as they may deem legal and proper.

The name of the town was formerly Usher, and was changed by the Legislature to Stoneham.

Copy of the account annexed.

"Inhabitants of Stoneham, to George W. Millet, Dr.

"Jan. 11, 1841.   To publishing in the Oxford Democrat Collector's notice for the town of Usher for the year 1841,                                           8,75
"Oris Parker, Collector.

"Nov. 9, 1841.   To publishing in the Oxford Democrat Collector's notice for the town of Usher for the year 1840,                                           7,50

"Jan. 11, 1842.   To publishing in the Oxford Democrat, Collector's notice for the town of Usher for the year 1840,                                           7,50

"James McAllaster, Collector."     $23,75

*Gerry* and *J. Goodenow* argued for the plaintiff, and contended, that selectmen, overseers of the poor, treasurer and collector of taxes were agents of the town, and that contracts made by them as such, within the scope of their authority, respectively, were binding upon the town. There are many acts which they may do, though no special authority is given by the town for that purpose, which will make the town liable for their acts. Although no special authority is given, yet

when town officers are acting for the town in the discharge of their duty, the town is liable to any person rendering services at their request. Such officers are agents of the town. As the taxes were not paid, it became the duty of the collectors to publish notices previous to the sale of the land in some newspaper. It was for the benefit of the town, that the plaintiff's services were performed, and at the requests of their agents, the collectors. Both upon principle and authority, the defendants are liable. The counsel cited in support of their argument, 1 Pick. 123; 3 N. H. Rep. 32; 7 Greenl. 399; 16 Maine R. 45; 17 Maine R. 444; 1 Fairf. 189; 4 Greenl. 44; 20 Maine R. 154; 1 Hill, 545; 7 Pick. 118; 8 Pick. 178; 19 Pick. 511; 1 Metc. 284; 2 Kent, 243 and 235; 7 Greenl. 76 and 118; Chitty on Con. 276; Angel & Ames on Cor. 239 and 250; 6 Wend. 475.

*Hammons* argued for the defendants, contending that it was the collector's duty to collect the taxes in any way, he chose, and pay them over to the town. If he neglects to collect and pay over the amount of the taxes committed to him, the town has a remedy upon the bond, and it is no excuse to the collector, that he has neglected to perform his duty. The town, therefore, is not benefited by any expenses incurred by the collector in obtaining payment of his taxes. If the collector should take property and sell it for the purpose of obtaining payment, or should advertise the land, the town would not be holden to the person, who should keep the goods or should publish the notice. Such expense is a charge upon the goods or upon the land. Nor does the collector's bond to the town cover any expenses of this description.

But the case finds, that the collectors employed the plaintiff to perform the services charged, without attempting to make the town liable. This excludes the supposition, that the town is liable.

In the collection of taxes, the collector acts on his own account, and is no more the agent of the town, than the sheriff of the county would be, in case he collected them.

The opinion of the Court was prepared by

TENNEY J. — The plaintiff was employed by the collectors
of the town of Stoneham, for the years 1840 & 1841, respec-
tively, to advertise in a newspaper, published by him, sales of
land for unpaid taxes assessed thereon. The defendants are
attempted to be charged in this action for those services, on the
ground that they were the contracting party, the collectors
acting merely as their agents. The proposition, that the town
is liable, cannot be maintained. By chap. 116, sect. 23, of the
statutes of 1821, towns could choose a collector of taxes, and
agree upon what sum should be allowed and paid to such col-
lector for his services ; he was to have a warrant from the
selectmen or assessors, empowering him to collect such taxes
as should be committed to him ; he was required to pay in the
same, according to the direction of his warrant ; he was to be
under bond, conditioned for the faithful discharge of his duty
as collector. By the 25th section of the same chapter, it was
necessary for his qualification, that he should be under oath to
make collections of the taxes committed to him, for which he
should have sufficient warrant, according to law, rendering an
account thereof, and paying the same, according to his warrant.

The modes in which collections could be enforced, were
various, according as resort was to be had to distress, the body
of the delinquent, or the lands, upon which the assessment
was made. In each of these modes, it might be necessary
that expense should be incurred in addition to the personal
services of the collector ; but for this he was entitled to reim-
bursement from the person arrested, or from the avails of the
distress, or lands sold. Chap. 116, sect. 26, 30 and 31.

When the assessments and a sufficient warrant are put into
the hands of the collector, he is responsible for the amount ;
he has certain specific duties to perform and is entrusted with
no discretionary power in their exercise ; he is bound, by virtue
of his office, his warrant, his bond, his oath and the consider-
ation to be paid, to collect the taxes committed to him, and
when necessary to resort to the different modes, which the law
prescribes, to compel payment. When he has performed his

whole duty, if by the inability of any one upon the assessment, or error, or accident, in matters over which he had no control, collections fail, he is entitled to allowance, which becomes to him, tantamount to a payment.

The collector holds a relation to the town very. different from that of selectmen, assessors, overseers of the poor, and others, whose duties are more of a fiduciary character, and who are clothed with a discretionary power to see that all the different obligations of towns are discharged, and their interests properly guarded and protected, so far as they fall within the respective spheres of such officers. If the town by a corporate vote, or the overseers of the poor for an agreed price, employ an individual to take charge of, and to support the paupers of the town for a given time, with food and clothing, during sickness and health, he becomes in one sense the agent of the town for that purpose, as much as the collector is the agent of the town for another purpose; the fact that the office of the latter is one established by the statute does not in this respect create a distinction. If a physician should be employed by the person, who had so contracted, to administer professionally to one of these paupers, would it be contended that the town would be liable to the physician for the services rendered ? The Legislature have been careful to require security for all moneys, which should legally come into the hands of officers of towns, belonging to the towns in their corporate capacity. The bonds which the statute requires have been broad enough to cover every thing to which the town had a claim, that the officer is entitled by virtue of his office to receive. Collectors are authorized to demand from the persons, who have been arrested on account of non-payment of taxes, the expenses incurred in the arrest as well as the taxes; when goods have been taken in distress, or lands advertised for the same purpose, and the taxes have been paid before a sale, he had the same claim for the moneys expended, and charges made against him for the necessary services rendered, that he had for the tax itself; and a sale would be for the failure in obtaining the like expenses as well as for the sum named in the assessments. Neither

the collector's warrant, oath, or bond required him to pay to the treasurer these expenses, which he was obliged to incur, and which he had received. If the town were bound, notwithstanding the receipt of the money by the collector, to pay the persons who may have been employed to do some service for the collector in the performance of his legitimate duties, it is deprived of the security, in this instance, which the statute has made ample for other official neglects of a similar character. It cannot be doubted, that the collector, being bound to collect the rates committed to him in consideration of the sum agreed upon for his services, has no power to contract in the name of the town, and at the expense of the same, for such services as those rendered by the plaintiff. It does not appear from the case, that it was the expectation, either of the plaintiff or the collectors, that the town was holden for the service performed by the plaintiff. The collectors employed him, and they were under an implied promise to pay him. It is a well established rule, that although an agent may be duly authorized, and although he might avoid personal liability by acting in the name and behalf of his principal, still, if by the terms of his contract, he binds himself personally, and engages expressly in his own name to pay, he is responsible, even though he describe himself as agent. *Simonds* v. *Heard & al.* 23 Pick. 120.

*Judgment for the defendants for their costs.*